**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TAMMY LONG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:26-cv-14709** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WALGREENS,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff, Tammy Long ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Walgreens ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), seeking redress for Defendant's disability-based discrimination, disability-based harassment, failure to accommodate Plaintiff's disability, and retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit further arises under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), seeking redress for Defendant's interference with Plaintiff's exercise of FMLA rights and retaliation against Plaintiff for exercising those rights.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the ADA and the FMLA are federal statutes.

4. Venue properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 2000e-5(f)(3), as incorporated by 42 U.S.C. § 12117(a), insofar as the unlawful employment practices alleged were committed within this judicial district, the employment records relevant to those practices are maintained and administered within this judicial district, and Plaintiff would have worked in this judicial district but for the unlawful employment practices alleged.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to suit under the ADA have occurred or been satisfied.

6. On or about May 13, 2026, Plaintiff filed Charge No. 440-2026-02910 with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Illinois Department of Human Rights, attached hereto as Exhibit "A."

7. On or about September 1, 2026, the EEOC issued, and Plaintiff received, a Notice of Right to Sue as to Charge No. 440-2026-02910, attached hereto as Exhibit "B."

8. Plaintiff filed this Complaint within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

9. No administrative exhaustion is required as a prerequisite to Plaintiff's claims under the FMLA.

## PARTIES

10. Plaintiff, Tammy Long, is an individual and resident of McHenry County, Illinois.

11. Defendant, Walgreens, is a business entity with a business address located at 200 Wilmot Road, Deerfield, Illinois 60015.

12. At all times relevant, Plaintiff was an employee and Defendant was an employer within the meaning of the ADA and the FMLA.

13. At all times relevant, Defendant employed at least fifteen (15) employees and was a covered employer under the ADA.

14. At all times relevant to Plaintiff's FMLA claims, Defendant was an employer within the meaning of the FMLA and employed fifty (50) or more employees within seventy-five (75) miles of Plaintiff's worksite.

**BACKGROUND FACTS**

15. Plaintiff was employed by Defendant as an Associate Program/Project Manager from on or about November 8, 2021 until her unlawful termination on or about October 13, 2025.

16. As an Associate Program/Project Manager, Plaintiff's duties included but were not limited to managing Defendant's pest control vendors.

17. Plaintiff met the obligations of her job duties.

18. Plaintiff suffers from a physical impairment, a lumbar spine condition requiring lumbar fusion surgery, which causes pain when she sits, stands, or drives for extended periods.

19. Plaintiff also suffers from a mental impairment, anxiety, which causes panic attacks.

20. Plaintiff's disability substantially limits one or more major life activities, including but not limited to sitting, standing, and driving.

21. Regardless of Plaintiff's disability, she was able to perform the essential functions of her position with or without reasonable accommodation.

22. By virtue of the foregoing, Plaintiff is a qualified individual with a disability under the ADA.

23. Defendant knew of Plaintiff's disability because Plaintiff took medical leave for her lumbar fusion surgery and provided Anthony Romo her surgeon's note and accommodation request.

24. At all times relevant to Plaintiff's FMLA claims, Plaintiff had been employed by Defendant for at least twelve (12) months.

25. During the twelve (12) months preceding Plaintiff's need for leave, Plaintiff worked at least 1,250 hours for Defendant.

26. At the time of the challenged interference, Plaintiff had FMLA leave available under Defendant's applicable twelve-month leave period.

27. Plaintiff was entitled to leave because she needed to care for her son, who has a serious health condition.

28. Plaintiff reported to Anthony Romo, Defendant's Program Manager, Interior Services, Store Care.

29. Mark Sejd was Defendant's Director of Facility Programs and Disaster Response.

30. On or about November 20, 2024, Plaintiff began a medical leave of absence for lumbar fusion surgery.

31. On or about March 3, 2025, Plaintiff returned to work from her medical leave.

32. Upon her return, Plaintiff was subjected to increased scrutiny.

33. On or about April 1, 2025, Anthony Romo told Plaintiff that she was performing close to a 2 out of 5.

34. In or around April 2025, Plaintiff told Anthony Romo in person that she has anxiety and needed to work in one of Defendant's quiet rooms to complete her reports.

35. In or around April 2025, Anthony Romo told Plaintiff that she was making the department look bad and needed to sit with the group.

36. Mark Sejd told Plaintiff that she could not sit in the quiet rooms and had to sit with the group.

37. Defendant assigned Plaintiff Analyst duties that were lower than her job title.

38. Plaintiff complained to Defendant about her assignment to Analyst duties.

39. After Plaintiff complained, Defendant did not give Plaintiff a performance review.

40. On or about July 23, 2025, Plaintiff's surgeon directed that she work from home three days per week until December 1, 2025 while she recovered from her lumbar fusion surgery.

41. On or about August 1, 2025, Anthony Romo placed Plaintiff on a sixty (60) day performance improvement plan, with Mark Sejd as witness.

42. On or about September 9, 2025, Plaintiff requested the reasonable accommodation of working from home three days per week and in the office two days per week and provided her surgeon's note to Anthony Romo, with a copy to Mark Sejd.

43. On or about September 10, 2025, Plaintiff complained to Defendant's Employee Relations department that she had been placed on the performance improvement plan after returning from disability leave for back fusion surgery.

44. On or about October 6, 2025, Plaintiff told Anthony Romo and Mark Sejd that she had requested intermittent FMLA leave to care for her son.

45. On or about October 9, 2025, Defendant approved Plaintiff's FMLA leave to care for her son.

46. Anthony Romo and Mark Sejd received notice that Plaintiff's FMLA leave had been approved.

47. In or around early October 2025, Defendant's Employee Relations department closed Plaintiff's complaint in Defendant's favor.

48. On or about October 10, 2025, Plaintiff gave Anthony Romo a written summary showing that she had completed, or nearly completed, the items in her performance improvement plan.

49. On or about October 13, 2025, Defendant terminated Plaintiff's employment pursuant to a decision made by Anthony Romo.

50. Anthony Romo told Plaintiff that she was being terminated for poor performance.

51. During the meeting at which Plaintiff was terminated, Mark Sejd told Plaintiff, "nice try, employee relations closed case in Walgreens' favor... you're terminated."

52. Plaintiff engaged in protected activity under the ADA by requesting the reasonable accommodations of working in one of Defendant's quiet rooms when completing her reports and of working from home three days per week and in the office two days per week, and by complaining to Defendant's Employee Relations department that she had been placed on a performance improvement plan after returning from disability leave.

53. Defendant knew that Plaintiff engaged in protected activity under the ADA.

54. Defendant subjected Plaintiff to the assignment of Analyst duties lower than her job title, the denial of a performance review, placement on a performance improvement plan, and termination because of Plaintiff's disability and protected activity.

55. After Plaintiff requested protected leave, Defendant subjected Plaintiff to termination of her employment.

**COUNT I**
**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

56. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

57. Plaintiff was disabled within the meaning of the ADA and was qualified to perform the essential functions of her position with or without reasonable accommodation.

58. Plaintiff met the obligations of her job duties.

59. Defendant subjected Plaintiff to the assignment of Analyst duties lower than her job title, the denial of a performance review, placement on a performance improvement plan, and termination because of Plaintiff's disability.

60. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff because of her disability in violation of the ADA, 42 U.S.C. § 12101 *et seq.*

61. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

62. As a direct and proximate result, Plaintiff suffered and continues to suffer loss of employment, income, and benefits, as well as emotional distress, mental anguish, inconvenience, and loss of enjoyment of life.

**COUNT II**
**Violation of the Americans with Disabilities Act**
**(Disability-Based Harassment)**

63. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

64. Defendant subjected Plaintiff to disability-based harassment, including telling Plaintiff that she was making the department look bad and directing her not to work in the quiet rooms she used because of her anxiety.

65. The disability-based harassment was unwelcome and was subjectively and objectively offensive.

66. The disability-based harassment was severe or pervasive.

67. Defendant knew or should have known of the harassment and failed to take prompt and appropriate corrective action.

68. By virtue of the conduct alleged herein, Defendant harassed Plaintiff because of her disability in violation of the ADA, 42 U.S.C. § 12101 *et seq.*

69. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

70. As a direct and proximate result, Plaintiff suffered and continues to suffer loss of employment, income, and benefits, as well as emotional distress, mental anguish, inconvenience, and loss of enjoyment of life.

## COUNT III
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

71. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

72. Plaintiff was a qualified individual with a disability.

73. Defendant was aware of Plaintiff's disability and need for reasonable accommodation.

74. Plaintiff requested the reasonable accommodation of working in one of Defendant's quiet rooms when completing her reports.

75. Plaintiff's requested accommodation would have enabled her to perform the essential functions of her position and would not have imposed an undue hardship on Defendant.

76. Defendant failed to engage in the interactive process and failed to provide Plaintiff a reasonable accommodation.

77. By virtue of the conduct alleged herein, Defendant failed to accommodate Plaintiff's disability in violation of the ADA, 42 U.S.C. § 12101 *et seq.*

78. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

79. As a direct and proximate result, Plaintiff suffered and continues to suffer loss of employment, income, and benefits, as well as emotional distress, mental anguish, inconvenience, and loss of enjoyment of life.

## COUNT IV
## Violation of the Americans with Disabilities Act
## (Retaliation)

80. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

81. Plaintiff engaged in protected activity under the ADA by requesting the reasonable accommodations of working in one of Defendant's quiet rooms when completing her reports and of working from home three days per week and in the office two days per week, and by complaining to Defendant's Employee Relations department that she had been placed on a performance improvement plan after returning from disability leave.

82. Defendant knew that Plaintiff engaged in protected activity.

83. Defendant subjected Plaintiff to the assignment of Analyst duties lower than her job title, the denial of a performance review, placement on a performance improvement plan, and termination.

84. Plaintiff's protected activity was a but-for cause of Defendant's adverse employment actions.

85. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff in violation of the ADA, 42 U.S.C. § 12203.

86. As a direct and proximate result, Plaintiff suffered and continues to suffer loss of employment, income, and benefits.

## COUNT V
**Violation of the Family and Medical Leave Act**
**(FMLA Interference)**

87. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

88. Plaintiff was eligible for FMLA leave and suffered from a serious health condition or other qualifying reason that entitled her to protected leave.

89. Plaintiff provided Defendant sufficient notice of her need for intermittent leave.

90. Defendant denied Plaintiff's protected leave by terminating her employment.

91. By virtue of the conduct alleged herein, Defendant interfered with, restrained, or denied Plaintiff's exercise of FMLA rights in violation of 29 U.S.C. § 2615.

92. As a direct and proximate result, Plaintiff suffered damages recoverable under 29 U.S.C. § 2617.

**COUNT VI**
**Violation of the Family and Medical Leave Act**
**(FMLA Retaliation)**

93. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

94. Plaintiff was eligible for FMLA leave and provided Defendant notice of her need for leave.

95. Plaintiff engaged in protected activity by requesting FMLA leave.

96. Defendant knew that Plaintiff requested protected leave.

97. After Plaintiff requested protected leave, Defendant subjected Plaintiff to termination of her employment.

98. Plaintiff's request for FMLA leave was a negative factor in Defendant's adverse actions.

99. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff for exercising her FMLA rights in violation of 29 U.S.C. § 2615.

100. Plaintiff suffered damages recoverable under 29 U.S.C. § 2617.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

a. Back pay and other lost compensation;

b. Payment of interest on all recoverable back pay and other monetary losses;

c. Front pay;

d. Lost employment benefits;

e. Compensatory damages on Counts I, II, and III, including damages for emotional distress, to the extent authorized by law;

f. Punitive damages on Counts I, II, and III, to the extent authorized by law;

g. Liquidated damages under the FMLA;

h. Appropriate declaratory and equitable relief;

i. Reasonable attorneys' fees and costs to the extent authorized by law;

j. Prejudgment and post-judgment interest to the extent authorized by law; and

k. Any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 24, 2026

***/s/ Timothy D. Hogan***
**TIMOTHY D. HOGAN, ESQ.**
**TRAVIS P. LAMPERT, ESQ.**
**MOHAMMED O. BADWAN, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
tlampert@atlaslawcenter.com
mbadwan@atlaslawcenter.com
*Attorney for Plaintiff*